UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KHALEB L BRUMLOW                         CIVIL ACTION NO. 24-cv-741

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT ET AL                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this civil rights action against multiple defendants. He amended his complaint within the first several weeks, before any defendant answered, to identify some defendants who were originally described as unknown. The DeSoto Parish Sheriff filed a Rule 12(b)(6) motion to dismiss (Doc. 17). The City of Shreveport defendants filed their own motion to dismiss (Doc. 19). Both motions attacked the adequacy of the allegations in the complaint.

Plaintiff promptly responded to the motions to dismiss with a Motion for Leave to Amend Complaint (Doc. 21) that is before the court. He states that the proposed amendment will allege certain claims and injuries with greater factual detail, and he proposes to eliminate certain claims against the sheriff, drop claims brought under the Louisiana Constitution, and clarify that he is not asserting certain claims for First Amendment rights, retaliation, excessive force, and battery. The defendants oppose the proposed amendment on the grounds that even the improved allegations are futile.

Federal Rule of Civil Procedure 15 encourages a plaintiff to respond to a Rule 12 motion by amending his complaint, and the plaintiff may do so without leave of court if he

acts promptly after the filing of the motion and has not previously amended his complaint. This plaintiff could not amend without leave because he had already filed one amended complaint to clarify the identity of some defendants, but he could have otherwise amended without leave.

The policy considerations behind the rule counsel heavily in favor of allowing the proposed amendment, especially given the early stage of the case. The usual practice in this division in such circumstances is to allow the amendment, deny the Rule 12 motion(s) without prejudice, and allow the defendants to respond to the amended complaint with a new motion or motions. Davis v. Gavin, 2019 WL 2754758, *2 (W.D. La. 2019).

When a defendant argues that leave should be denied because the proposed amendment is futile, the local practice is to nonetheless grant leave to amend and allow futility to be determined after full briefing of a new motion to dismiss that is focused on the merits of the amended complaint. House of Raeford Farms v. Poole, 2020 WL 3052226 (W.D. La. 2020). This may take a little longer for the parties, but it avoids potential confusion about what is or is not still at issue.

The sheriff argues that he will be prejudiced by having to incur additional legal fees to prepare another motion to dismiss, but that is a burden he must bear under the applicable rules. And it should not be too time consuming to prepare a new motion from the arguments in his existing motion to dismiss and the futility arguments in his memo in opposition to the motion for leave to amend. Furthermore, it would almost certainly be an abuse of discretion for the court to deny leave to amend under the current circumstances,

so a denial could cost the sheriff even more in attorney fees to fight an appeal in a losing battle and then end up right back where the case now stands.

For these reasons, Plaintiff's **Motion for Leave to Amend Complaint (Doc. 21)** is **granted**. The **motions to dismiss (Doc. 17 & 19)** are **denied without prejudice**. The defendants may elect whether to file an answer or motion in response to the second amended complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of October, 2024.

Mark L. Hornsby
U.S. Magistrate Judge