**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

KAHLEB L. BRUMLOW                      CIVIL ACTION NO. 24-0741

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) brought by
Defendants Officer A. Neal ("Neal") and the City of Shreveport (the "City") (collectively,
"Defendants"). See Record Document 41. Plaintiff Kahleb L. Brumlow ("Brumlow")
opposes. See Record Document 48. Defendants replied. See Record Document 49. For
the reasons stated below, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)
(Record Document 41) is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

The following facts are drawn from the Complaint and are assumed true for the
purposes of this motion.

On or about September 24, 2020, Brumlow was arrested by the Shreveport Police
Department ("SPD") on a theft charge. See Record Document 39 at ¶ 8. Later, Brumlow
was arrested again for failing to appear in court. See id. Around November 2020, Brumlow
pled guilty to the charge, paid all related fines, and was told by an SPD detective that he
would take care of the warrant. See id. at ¶ 9.

On or about June 2, 2023, Brumlow went to the home of his minor children's
mother to pick up the children for visitation, all in accordance with the custody agreement.
See id. at ¶¶ 10–11. When Brumlow was unsuccessful in contacting the mother, he

requested assistance by the DeSoto Parish Sheriff's Department. See id. at ¶ 11. At this point, the previously executed arrest warrant was found. See id. at ¶ 13. The facts in the Complaint are contradictory as to how the warrant was found. Paragraph 13 states that deputies with the DeSoto Parish Sheriff's Department found the warrant, but paragraph 21 states that Officer Neal with the SPD sent the warrant to the deputies. See id. at ¶¶ 13, 21. For purposes of this Motion to Dismiss, the Court assumes that Officer Neal sent the warrant to the deputies. Additionally, Officer Neal knew the arrest warrant had been previously executed at the time he sent the warrant to the deputies. See id. at ¶ 21. The deputies then arrested Brumlow on this stale warrant, i.e., the warrant should have been recalled but was never removed from the records. See id. at ¶¶ 13–14. Brumlow was detained in the Desoto Parish Jail from June 2–5, 2023. See id. at ¶ 16. Desoto Parish authorities contacted the SPD to come pick up Brumlow, and when the SPD officer arrived at the jail, he realized that the warrant was inactive. See id. at ¶ 19. The SPD officer transferred Brumlow to SPD headquarters in Shreveport, where officers told Brumlow about the mistake and released him. See id.

Brumlow asserts that Officer Neal violated his Fourth and Fourteenth Amendment rights under the U.S. Constitution to be free from false arrest, abuse of process, and malicious prosecution. See id. at ¶ 26. Brumlow further asserts that the City is liable under Monell for failing to establish effective policies regarding recalling stale warrants and for failing to discipline Officer Neal. See id. at ¶ 28. Additionally, Brumlow asserts state law tort claims of negligence, false arrest, abuse of process, and malicious prosecution against Defendants. See id. at ¶¶ 36–41.

Officer Neal and the City filed a Motion to Dismiss seeking to dismiss all of Brumlow's claims against them. See Record Document 41. Defendants contend that the federal claims against Officer Neal are barred by qualified immunity. See id. at 13. Defendants further contend that Brumlow has failed to allege sufficient facts to establish the Monell claims against the City. See id. at 19–26. Lastly, Defendants argue that Brumlow has failed to state a claim under state law for negligence, false arrest, abuse of process, and malicious prosecution. See id. at 23–25.

## LAW AND ANALYSIS

### I.    Pleading and Dismissal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings."

Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II.    Summary of the Arguments

Defendants assert several arguments in the Motion to Dismiss. First, Defendants argue that the claims against Officer Neal are barred by qualified immunity. See Record Document 41-1 at 13. Brumlow opposes Defendants' qualified immunity defense by arguing that qualified immunity is inapplicable because Officer Neal knew the warrant was stale when he sent it to the deputies with the DeSoto Parish Sheriff's Department. See Record Document 48 at 15–19.

As to the federal malicious prosecution claim, Defendants argue that Brumlow has not alleged sufficient facts to show malice. See Record Document 41-1 at 18. Brumlow opposes this assertion by arguing that malice can be inferred from the lack of probable cause and the use of irregular process, which is what happened under these facts. See Record Document 48 at 12, 27.

Defendants argue that Brumlow's constitutional claim for abuse of process cannot succeed because such a right is not provided by federal law. See Record Document 41-1 at 19. Plaintiff concedes. See Record Document 48 at 12.

4

Defendants argue that Brumlow's <u>Monell</u> claim against the City for failing to establish effective policies for removing stale arrest warrants from the records lacks merit because Brumlow did not allege a constitutional violation, a pattern of incidents, or that a specific policy or custom was the moving force behind a constitutional violation. <u>See</u> Record Document 41-1 at 19–22. Defendants also argue that Brumlow's failure to discipline claim against the City should not survive Rule 12(b)(6) scrutiny because this claim is based on a "ratification" theory that only applies in extreme factual circumstances not present in this case. <u>See id.</u> at 22–23.

Brumlow opposes Defendants' arguments, asserting he has sufficiently pled that SPD has a recurring problem of not timely removing warrants from the database. <u>See</u> Record Document 48 at 21. Additionally, Brumlow argues that the City failed to discipline Officer Neal after he intentionally referred a stale warrant for execution. <u>See id.</u> at 23.

Defendants argue that the state law claims of false arrest and malicious prosecution should fail on the same grounds as the analogous federal law claims. <u>See</u> Record Document 41-1 at 23. Brumlow asserts that the lack of probable cause for his arrest leads to an inference of malice in support of the malicious prosecution claim. <u>See</u> Record Document 48 at 29.

Defendants assert that the state law negligence claim against Officer Neal cannot survive because Officer Neal owed no duty to Brumlow, which is a necessary requirement for a negligence claim. <u>See</u> Record Document 41-1 at 24–25. Brumlow responds without mentioning Officer Neal but instead focuses on the negligence claim against the City. <u>See id.</u> at 24–26.

Defendants' Motion to Dismiss does not specifically address the state law abuse of process claim or the negligence claim against the City.

## III.    Analysis

### a.    Federal False Arrest Claim

The existence of probable cause is a prerequisite to any constitutional arrest, which is a "seizure" of a person under the Fourth Amendment. See Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). "Probable cause" is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. "The facts [constituting the basis for probable cause] must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest." Club Retro, LLC v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009).

The United States Court of Appeals for the Fifth Circuit has held that where qualified immunity is asserted as a defense to a false arrest, the plaintiff must show that it was "'clearly established that the circumstances with which' the officer 'was confronted did not constitute probable cause and exigent circumstances.'" Pierce v. Smith, 117 F.3d 866, 871 (quoting Anderson v. Creighton, 483 U.S. 635, 635 (1987)). "[T]here must not even 'arguably' be probable cause for the search and arrest for immunity to be lost." Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotations omitted). Qualified immunity gives "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Id. Thus, to prevail on his Section

1983 claim of false arrest, Brumlow must show that there was no probable cause for his arrest. See Haggerty v. Tex. S. Univ., 391 F.3d 653 (5th Cir. 2004).

Brumlow alleges that the arrest warrant at issue had previously been executed and recalled but that the records were not updated to reflect this. See Record Document 39 at ¶ 13. When DeSoto Parish deputies arrested Brumlow, they did so based on that warrant. See id. Brumlow alleges that the DeSoto Parish deputies "found" the warrant in the system. See id. However, the Complaint also states that Officer Neal sent this warrant to the arresting deputies knowing that it was stale. See id. at ¶ 21.

Brumlow's assertion of Officer Neal's knowledge is a conclusory allegation, not a well-pleaded fact. See Iqbal, 556 U.S. at 678. The Complaint contains no factual allegations showing how Officer Neal would have known that the warrant had already been executed or how she otherwise became aware of its invalidity. Instead, Brumlow appears to suggest that because Officer Neal is employed by the SPD, and the SPD had originally executed the warrant, Officer Neal must have known that the warrant was stale. This type of imputed knowledge allegation is insufficient. See id. Additionally, Officer Neal had no duty to independently investigate the continuing validity of the warrant. See Baker v. McCollan, 443 U.S. 137, 145–46 (1979). Brumlow must allege facts that plausibly establish Officer Neal's actual knowledge, not merely her employment with the SPD.

Although the warrant was invalid at the time of the arrest, officers are insulated by qualified immunity if they reasonably believe that probable cause existed at the time of the arrest. See Brown, 243 F.3d at 190. Here, Officer Neal's mistake of fact regarding the validity of the warrant does not destroy qualified immunity because she was reasonable in her belief that the warrant was valid.

The Court notes that Brumlow alleges the warrant was "void on its face." Record Document 39 at ¶ 28. However, the Complaint does not allege any facts explaining how Officer Neal should have known the warrant was invalid. Instead, the Complaint asserts that the same warrant had been validly executed twice before but was not removed from the records. See id. at ¶¶ 13–14. These allegations are inconsistent: the same warrant cannot be both previously validly executed and facially invalid at the time of this arrest. See id. at ¶¶ 13–14, 37. Moreover, Brumlow's bare assertion that the warrant was facially invalid, without factual support, is a legal conclusion that does not satisfy the pleading requirements of Rule 8(a)(2). Ashcroft, 556 U.S. at 678.

Thus, absent factual allegations showing that Officer Neal knowingly provided false information to the DeSoto Parish deputies, the false arrest claim fails. Thus, the Motion to Dismiss the false arrest claim is **GRANTED**.

### b.  Federal Abuse of Process Claim

A federal abuse of process claim is not actionable under § 1983. The Fifth Circuit has held that there is "no constitutional right to be free from abuse of process." Morgan v. Chapman, 969 F.3d 238, 247 (5th Cir. 2020), abrogated on other grounds, Thompson v. Clark, 596 U.S. 36 (2022). Thus, the Motion to Dismiss the federal abuse of process claim is **GRANTED**.

### c.  Federal Malicious Prosecution Claim

Brumlow raises a Fourth Amendment malicious prosecution claim against Defendants. See Record Document 39 at ¶ 26. The Supreme Court of the United States in Thompson v. Clark stated that the primary consideration in a Fourth Amendment malicious prosecution claim is "the wrongful initiation of charges without probable cause."

596 U.S. 36, 43 (2022). The Fifth Circuit has held that a plaintiff bringing a Fourth Amendment malicious prosecution claim must prove the state law elements of the claim. Armstrong v. Ashley, 60 F.4th 262, 279 (5th Cir. 2023). The elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Id. (citing Gordy v. Burns, 294 F.3d 722, 727 (5th Cir. 2002)).

Because Brumlow has not sufficiently pleaded facts showing Officer Neal's knowledge that the warrant had been recalled, the Court assumes that Officer Neal's reliance on the warrant was a mistake of fact. See supra Part III(a). For the same reasons discussed above with respect to Brumlow's false arrest claim, this mistake of fact does not defeat qualified immunity. See id. Where an officer reasonably relies on a facially valid warrant, he does not violate clearly established law. See Brown, 243 F.3d at 190. Accordingly, Officer Neal is entitled to qualified immunity on Brumlow's federal malicious prosecution claim. Therefore, Defendant's Motion to Dismiss the federal malicious prosecution claim is **GRANTED**.

d.  Monell Claims

Brumlow alleges that the City is liable for failing to establish policies for effectively recalling stale warrants. See Record Document 39 at ¶ 28. A municipality is not liable under Section 1983 on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Under Monell, a municipality may be liable only if its official policy or custom is the "moving force" behind the plaintiff's alleged constitutional right violation. Rivera v. Hous. Indep. Sch. Dist., 349 F.3d 244, 247

(5th Cir. 2003) (citations omitted). To succeed on a <u>Monell</u> claim against a municipality, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." <u>Valle v. City of Houston</u>, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotations and citations omitted). Official policy is generally found in "duly promulgated policy statements, ordinances or regulations." <u>Id.</u> A policy can also be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." <u>Hinojosa v. Butler</u>, 547 F.3d 285, 296 (5th Cir. 2008).

Brumlow's claim that the City is liable for failure to establish policies for recalling stale warrants must satisfy all three prongs of the <u>Monell</u> test. Under the first prong, Brumlow must allege that there is an official policy or custom. <u>See Valle</u>, 613 F.3d at 541–42. Brumlow does not identify any specific policy of the SPD. Rather, he characterizes the City's lack of a policy for establishing how to recall stale warrants and failure to timely remove stale warrants from the records as a custom. <u>See</u> Record Document 39 at ¶ 28. Although Brumlow does allege that the SPD'S failure to timely remove warrants is a custom, he points to no prior incidents involving SPD officers arresting individuals based on stale warrants. Rather, he only states that "[i]t is well known" that ineffective warrants are not logged out of the SPD's system and that arrests on stale warrants are a recurring problem. <u>See id.</u> Without more factual allegations about prior incidents that officers have arrested people on stale warrants, Brumlow's claim fails on the first prong.

Even if the Court assumes there was a custom in place, Brumlow's claim also fails under the second and third prongs of the <u>Monell</u> test. The second prong of the <u>Monell</u> test requires that a policymaker be charged with actual or constructive knowledge. <u>See</u> <u>Valle</u>, 613 F.3d at 541–42. Here, Brumlow makes no allegation that a policymaker knew of an ongoing issue with arrests based on stale warrants. At most, Brumlow alleges that the problem is "well known" generally. <u>See</u> Record Document 39 at ¶ 28. Thus, Brumlow's claim fails on the second prong of the <u>Monell</u> standard.

The third prong of the <u>Monell</u> test requires that the policy or custom be the moving force behind the constitutional violation. <u>See</u> <u>Valle</u>, 613 F.3d at 541–42. To satisfy this requirement, the Supreme Court has stated that "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown</u>, 520 U.S. 397, 404 (1997). The Court further explains that "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." <u>Id.</u> at 411. Deliberate indifference is a high standard, and "[a] showing of simple or even heightened negligence will not suffice." <u>Id.</u> at 407. Here, Brumlow has not alleged deliberate indifference. At most, Brumlow has alleged that policymakers within the SPD have been negligent in failing to timely remove inactive warrants from the system. Therefore, Brumlow's <u>Monell</u> claim relating to the City's alleged failure establish effective policies for removing stale warrants fails.

In addition to the above claim, Brumlow makes a second <u>Monell</u> claim regarding the City's failure to discipline Officer Neal for "referring a known void warrant for execution

. . ..” Record Document 39 at ¶ 28. A municipality can be liable for failure to train, supervise, or discipline its employees "when the municipality's failure shows a deliberate indifference to the rights of its inhabitants." <u>Sanders-Burns v. City of Plano</u>, 594 F.3d 366, 381 (5th Cir. 2010). Deliberate indifference requires more than mere negligence. <u>See id.</u> Additionally, failure to discipline claims generally require the plaintiff to show a pattern. <u>See</u> <u>Lewis v. Horton</u>, 665 F. Supp. 3d 801, 808 (W.D. La. 2023).

Here, Brumlow has alleged a single instance, his own, where Officer Neal referred a stale warrant to be executed and the City did not discipline him in response. <u>See</u> Record Document 39 at ¶ 28. These allegations do not show a pattern of officers freely arresting people on stale warrants with no consequences, which is what a failure to discipline claim contemplates.

There is a notable exception to the "pattern" requirement where a single instance of misconduct plus inaction by the City after the incident can show an official policy or custom as required by <u>Monell</u>. In <u>Grandstaff v. City of Borger, Texas</u>, police officers opened fire and killed a property owner because they mistakenly thought he was the suspect they had been pursuing. 767 F.2d 161, 165 (5th Cir. 1985). There was essentially no response by the city or police chief after the incident regarding disciplinary actions or policy changes. <u>See id.</u> at 170–71. The Fifth Circuit found that the city was liable for the conduct of police officers under <u>Monell</u> because the lack of response to the situation indicated a custom of conscious indifference to the rights of the people. <u>See id.</u> The Fifth Circuit later stated that the <u>Grandstaff</u> analysis can only be applied to "extreme factual situations" like the facts of <u>Grandstaff</u> itself. <u>Snyder v. Trepagnier</u>, 142 F.3d 791, 797 (5th Cir. 1998) (citing <u>Coon v. Ledbetter</u>, 780 F.2d 1158, 1161 (5th Cir. 1986)). Although

Brumlow's allegations are unfortunate, they do not rise to the level of "extreme" like the facts in Grandstaff.[1] Therefore, the analysis in Grandstaff is not applicable, and Brumlow failed to establish a pattern of this kind of misconduct. Thus, the failure to discipline claim against the City cannot survive the Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss the Monell claims is **GRANTED**.

     e.  Negligence

     Brumlow brings two distinct negligence claims against Defendants. First, Brumlow alleges that the City was negligent on behalf of its employees for failing to remove his warrant from the system.[2] Second, Brumlow argues that Officer Neal was negligent in failing to remove the warrant from the system. In Louisiana, the elements for a negligence claim are:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element).

Farrell v. Circle K Stores, Inc., 359 So. 3d 467, 473 (La. 2023). Brumlow alleges that "[t]he City and its employees failed to remove the stale warrant from its active warrant database." Record Document 39 at ¶ 37. Defendants move to dismiss this negligence

---

[1] The Court notes that there are many factual differences between Grandstaff and the present case which support a finding that the Grandstaff analysis should not be applied here. For example, that case involved an entire firing squad killing an innocent man without even attempting to identify him before shooting, whereas the present case concerns a single officer's referral of an invalid arrest warrant, resulting in three days of detention before the error was corrected. Although regrettable, these circumstances are not comparably extreme.

[2] Although Brumlow names only Officer Neal in his Complaint, the Court understands him to argue that the City is vicariously liable for whichever employee—Officer Neal or another—that failed to remove his warrant from the system.

claim against the City but offer no supporting argument.[3] Thus, the Court finds that Brumlow's negligence claim based on vicarious liability against the City survives.

Brumlow's negligence claim against Officer Neal for failing to remove the warrant or for referring a stale warrant for execution does not survive the Motion to Dismiss because Brumlow cannot satisfy the duty element. He has made no factual allegations showing that it was within Officer Neal's duties to go into the record system and remove the arrest warrant. In fact, Brumlow states that an SPD detective, rather than Officer Neal, indicated to Brumlow that "he took care of the warrants." See Record Document 39 at ¶ 9. Thus, Brumlow has failed to sufficiently allege the duty element for his claim that Officer Neal was negligent in failing to remove the warrant. As for the claim that Officer Neal was negligent in referring the stale warrant for execution, the Court has stated above that officers have no duty to investigate the validity of a facially valid arrest warrant. See supra Part III(a). Therefore, this claim also fails under the duty element of negligence.

Accordingly, the Motion to Dismiss Plaintiff's negligence claims is **GRANTED IN PART and DENIED IN PART**.

      f.   State Law False Arrest

Under Louisiana law, a false arrest occurs when one arrests another against his will without legal authority. See Kyle v. City of New Orleans, 353 So.2d 969, 971 (La. 1977). A facially valid arrest warrant immunizes officers from false arrest claims. See Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009); see also Deville v. Jefferson Parish Sheriff's Department, 762 So. 2d 641, 642 (La. App. 3d Cir. 2000), writ denied, 766 So. 2d 1281 (La. 2000). Here, Officer Neal was acting on a facially valid warrant and his

---

[3] The Court notes that Defendants have not raised an argument for governmental immunity under La. R.S. 9:2798.1. This defense can be revisited at the Rule 56 stage.

reliance on such was reasonable. See supra Part III(a). Thus, Defendants' Motion to Dismiss the state law false arrest claim is **GRANTED**.

      g.  State Law Malicious Prosecution

As stated above, the elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Armstrong, 60 F.4th at 279 (citing Gordy, 294 F.3d at 727). According to the Louisiana Supreme Court, malice exists when "the charge is made with [the] knowledge that it is false or with reckless disregard for whether it is false or not." Brimmer v. A. Copeland Enterprises, Inc., 609 So. 2d 847, 849 (La. App. 5th Cir. 1992), writ denied, 616 So. 2d 682 (La. 1993) (citation omitted). The core determination is whether the person had an honest and reasonable belief of the facts at the time the charge was made. Id. (citation omitted). Here, as explained above, Officer Neal's knowledge was not sufficiently supported by facts in the Complaint. See supra Part III(a). Additionally, this Court has concluded that his mistake of fact regarding the validity of the warrant was reasonable. See id. Therefore, Brumlow has not met the burden of alleging sufficient facts to show malice. Thus, the Motion to Dismiss the state law claim of malicious prosecution is **GRANTED**.

      h.  State Law Abuse of Process

According to Louisiana law, the elements for an abuse of process claim are "(1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding." Waguespack, Seago and

Carmichael (A PLC) v. Lincoln, 768 So. 2d 287, 290–91 (La. App. 1st Cir. 2000). Abuse of process occurs when "the actor employs a legal process in a manner that although technically correct, is for a wrongful and malicious purpose to obtain an unjustifiable end or an object that it was not the purpose of the particular process employed to effect." Foster v. Bias, 358 So. 3d 520, 536 (La. App. 1st Cir. 2022), writ denied, 358 So. 3d 503 (La. 2023). Defendants do not address the state law claim for abuse of process in their Motion to Dismiss, and their argument regarding the lack of a federal right to be free from abuse of process is not transferable to the state abuse of process claim. Thus, Brumlow's abuse of process claim survives at this stage. The Motion to Dismiss the state law abuse of process claim is **DENIED**.

**CONCLUSION**

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) (Record Document 41) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) is **GRANTED** with respect to the federal false arrest claim, the federal malicious prosecution claim, the federal abuse of process claim, the <u>Monell</u> claims, the state law negligence claim as to Officer Neal, the state law false arrest claim, and the state law malicious prosecution claim. These claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) is **DENIED** with respect to the state law negligence claim against the City and the state law abuse of process claim.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of September, 2025.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE