UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KAHLEB L. BRUMLOW | CIVIL ACTION NO. 24-0741 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) brought by Defendant DeSoto Parish Sheriff Jayson Richardson ("Sheriff Richardson"). See Record Document 46. Plaintiff Kahleb L. Brumlow ("Brumlow") opposes. See Record Document 50. Sheriff Richardson replied. See Record Document 51. For the reasons stated below, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Record Document 46) is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

The following facts are drawn from the Complaint and are assumed true for the purposes of this motion.

On or about September 24, 2020, Brumlow was arrested by the Shreveport Police Department ("SPD") on a theft charge. See Record Document 39 at ¶ 8. Later, Brumlow was arrested again for failing to appear in court. See id. Around November 2020, Brumlow pled guilty to the charge, paid all related fines, and was told by an SPD detective that he would take care of the warrant. See id. at ¶ 9.

On or about June 2, 2023, Brumlow went to the home of his minor children's mother to pick up the children for visitation, all in accordance with the custody agreement. See id. at ¶¶ 10–11. When Brumlow was unsuccessful in contacting the mother, he

requested assistance by the DeSoto Parish Sheriff's Department. See id. at ¶ 11. One or more deputies, including Deputy Ukpabi, arrived at the scene. See id. at ¶ 12. Deputies detained Brumlow and found an arrest warrant. See id. at ¶ 13. The facts in the Complaint are contradictory as to how the warrant was found. Paragraph 13 states that deputies with the DeSoto Parish Sheriff's Department found the warrant, but paragraph 21 states that Officer Neal with the SPD sent the warrant to the deputies. See id. at ¶¶ 13, 21. Additionally, the Complaint is contradictory as to whether the deputies knew the warrant was inactive or not. Paragraphs 13, 14, 21, and 37 allege that the deputies knew that the warrant was invalid, but paragraphs 9, 13, and 38 indicate that the deputies did not know that the warrant was invalid, but they should have known. See id. at ¶¶ 9, 13, 14, 21, 37, 38. For purposes of this Motion, the Court will consider all possibilities.

      The deputies then arrested Brumlow on this stale warrant, i.e., the warrant should have been recalled but was never removed from the records. See id. at ¶¶ 13–14. Deputies arrested Brumlow because they wanted to assist the mother of his children, who they knew. See id. at ¶ 14. When arresting Brumlow, the deputies handcuffed him behind his back forcefully, which caused straining on his shoulder and back. See id. at ¶ 15. Brumlow was kept in the tight handcuffs behind his back for about five hours despite complaining about the pain. See id. 15–16. Once at the DeSoto Parish Jail, Brumlow requested medical attention for pain and swelling in his shoulders and wrists. See id. at ¶ 16. Brumlow was given over the counter pain medication. See id. Brumlow still suffers from numbness in the palm of his hand and his thumb. See id. at ¶ 32. Brumlow was detained in the Desoto Parish Jail from June 2–5, 2023. See id. at ¶ 16. Desoto Parish authorities contacted the SPD to come pick up Brumlow, and when the SPD officer arrived

at the jail, he realized that the warrant was inactive. See id. at ¶ 19. The SPD officer transferred Brumlow to the SPD headquarters in Shreveport, where officers told Brumlow about the mistake and released him. See id.

Brumlow asserts that Sheriff Richardson is liable under Monell for the conduct of his deputies, who violated Brumlow's First, Fourth and Fourteenth Amendment rights under the U.S. Constitution to be free from false arrest, unlawful detention, retaliation, abuse of process, malicious prosecution, and excessive force. See id. at ¶¶ 25–29. Additionally, Brumlow asserts a Monell claim against Sheriff Richardson for failure to discipline the deputies involved. See id. at 29. Brumlow further alleges state law tort claims of negligence, battery, false arrest, abuse of process, malicious prosecution, and failure to provide medical care. See id. at ¶¶ 36–41.

Sheriff Richardson filed a Motion to Dismiss seeking to dismiss all of Brumlow's claims against him. See Record Document 46. Sheriff Richardson contends that the federal claims against him should be dismissed because Plaintiff has not met the pleading requirements of Monell. See Record Document 46-1 at 11. Sheriff Richardson further contends that Brumlow has failed to allege sufficient facts to establish the state law tort claims. See id. at 29. Lastly, Sheriff Richardson argues that he is entitled to immunity under La. R.S. 9:2798.1 for the state law claims. See id. at 30.

## LAW AND ANALYSIS

I.  **Pleading and Dismissal Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine

whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II.     Summary of the Arguments

Sheriff Richardson asserts several arguments in his Motion to Dismiss. First, Sheriff Richardson argues that all of the federal claims brought under § 1983 should be dismissed because Brumlow has not met the pleading requirements announced in Monell. See Record Document 46-1 at 9–11.

In response to Brumlow's federal false arrest claim, Sheriff Richardson argues that there was probable cause for his arrest even though the information leading to the probable cause was later discovered to be incorrect. See id. at 12–13. Sheriff Richardson also argues that if Brumlow is alleging that the deputies had actual knowledge of the warrant's invalidity, then Brumlow has failed to allege facts to support that conclusion. See id. at 19. Additionally, Sheriff Richardson argues that if Brumlow is alleging the deputies did not have actual knowledge but rather should have known the warrant is invalid, then the deputies did not breach any duty as they do not have a duty to investigate a facially valid warrant. See id. at 19.

Brumlow responds to Sheriff Richardson's arguments regarding the false arrest claim by stating that there was no probable cause for his arrest because the deputies knew that the warrant was invalid. See Record Document 50 at 16–21. Regarding the retaliation claim, Brumlow argues that his claim should survive because he was arrested in retaliation for protesting to the deputies that he had done nothing wrong, and the warrant was invalid. See id. at 21–22.

Sheriff Richardson argues that Brumlow's failure to discipline claim should not survive this Motion to Dismiss because Brumlow fails to allege a pattern of unconstitutional conduct. See Record Document 46-1 at 25–26. Plaintiff does not specifically address this claim in his response.

Sheriff Richardson asserts that Brumlow's excessive force claim fails because he has failed to allege facts which show an excessive use of force by any deputy. See id. at 26–28. In response, Brumlow argues that there was no justification in keeping him in

5

handcuffs for the excessive length of time and that his nerve injury is not de minimis, but a permanent injury impacting his daily life. See Record Document 50 at 23–24.

Sheriff Richardson argues that the state law claims surrounding Brumlow's arrest and the use of force should be dismissed because they use the same standards as the equivalent federal law claims, which should also be dismissed. See Record Document 46-1 at 29. Additionally, Sheriff Richardson argues that Brumlow has failed to state a negligence claim because he has not shown that any deputy has breached a duty. See id. Brumlow argues that his state law claims should survive the Motion to Dismiss because he has clearly pleaded that he was arrested without probable cause, that the deputies involved had actual malice, and that the deputies used excessive force. See Record Document 50 at 25–28.

Lastly, Sheriff Richardson argues that he is entitled to governmental immunity under La. R.S. 9:2798.1 because all acts that Brumlow seeks to hold Sheriff Richardson liable for are either policymaking or discretionary acts. See id. at 30–31. Brumlow urges that Sheriff Richardson is not entitled to immunity under La. R.S. 9:2798.1 because his acts were operational rather than policymaking or discretionary. See Record Document 29–30.

### III. Analysis

#### a. Monell

A sheriff's department is not liable under Section 1983 on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Under Monell, a sheriff's department may be liable only if its official policy or custom is the "moving force" behind the plaintiff's alleged constitutional right violation. Rivera v.

Hous. Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003) (citations omitted). To succeed on a Monell claim against a municipality, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotations and citations omitted). Official policy is generally found in "duly promulgated policy statements, ordinances or regulations." Id. A policy can also be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." Hinojosa v. Butler, 547 F.3d 285, 296 (5th Cir. 2008).

Brumlow has alleged multiple claims against Sheriff Richardson under § 1983: failure to discipline, false arrest, unlawful detention, excessive force, malicious prosecution, abuse of process, and First Amendment retaliation. See Record Document 39. Each claim will be discussed separately below.

The Court notes that Brumlow has not only sued Sheriff Richardson in his official capacity but also Deputy Ukpabi in his individual and official capacities. The individual capacity claims against Deputy Ukpabi have been addressed in a separate ruling. However, all official capacity claims against Deputy Ukpabi are essentially the same as Brumlow's official capacity claims against Sheriff Richardson. Thus, the Court will not only rule on the claims against Sheriff Richardson but will also rule on the official capacity claims against Deputy Ukpabi.

i. <u>Failure to Discipline</u>

A sheriff's department can be liable for failure to train, supervise, or discipline its employees "when the [sheriff's department's] failure shows a deliberate indifference to the rights of its inhabitants." <u>Sanders-Burns v. City of Plano</u>, 594 F.3d 366, 381 (5th Cir. 2010). Deliberate indifference requires more than mere negligence. <u>See id.</u> "Claims of inadequate training generally require that the plaintiff demonstrate a pattern." <u>Id.</u> Moreover, the previous acts must be "fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act must have involved injury to a third party." <u>Id.</u> <u>Monell</u> plaintiffs must also establish both the causal link ("moving force") and the sheriff's department degree of culpability ("deliberate indifference" to federally protected rights). <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 580 (5th Cir. 2001).

The Complaint alleges that Sheriff Richardson is liable for failing to discipline deputies "for arresting an innocent person on an obviously stale warrant and for injuring the innocent person who was not resisting during apprehension." Record Document 39 at ¶ 29. Here, Brumlow has alleged a single instance, his own, where deputies arrested him on a stale warrant and Sheriff Richardson did not discipline them in response. <u>See</u> Record Document 39 at ¶ 28. These allegations do not show a pattern of deputies freely arresting people on stale warrants with no consequences, which is what a failure to discipline claim contemplates.

Brumlow also alleges that Sheriff Richardson is liable under <u>Monell</u> for failing to discipline Deputy Ukpabi after he used excessive force. <u>See id.</u> at ¶ 29. In a separate ruling, the Court has found that Brumlow stated a claim for excessive force against Deputy Ukpabi in his individual capacity. However, even if the Court assumes there was an

8

underlying constitutional violation, Brumlow has not alleged a pattern of DeSoto Parish Sheriff's Department deputies using excessive force without facing discipline.

There is a notable exception to the "pattern" requirement where a single instance of misconduct plus inaction by a sheriff's department after the incident can show an official policy or custom as required by Monell. In Grandstaff v. City of Borger, Texas, police officers opened fire and killed a property owner because they mistakenly thought he was the suspect they had been pursuing. 767 F.2d 161, 165 (5th Cir. 1985). There was essentially no response by the city or police chief after the incident regarding disciplinary actions or policy changes. See id. at 170–71. The Fifth Circuit found that the city was liable for the conduct of police officers under Monell because the lack of response to the situation indicated a custom of conscious indifference to the rights of the people. See id. The Fifth Circuit later stated that the Grandstaff analysis can only be applied to "extreme factual situations" like the facts of Grandstaff itself. Snyder v. Trepagnier, 142 F.3d 791, 797 (5th Cir. 1998) (citing Coon v. Ledbetter, 780 F.2d 1158, 1161 (5th Cir. 1986)). Although Brumlow's allegations are unfortunate, they do not rise to the level of "extreme" like the facts in Grandstaff.[1] Therefore, the analysis in Grandstaff is not applicable, and Brumlow failed to establish a pattern of this kind of misconduct. Thus, the failure to discipline claim against Sheriff Richardson cannot survive the Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss the failure to discipline claim is **GRANTED**.

---

[1] The Court notes that there are many factual differences between Grandstaff and the present case which support a finding that the Grandstaff analysis should not be applied here. For example, that case involved an entire firing squad killing an innocent man without even attempting to identify him before shooting, whereas the present case concerns a deputy acting on a stale arrest warrant, resulting in three days of detention before the error was corrected. Although regrettable, these circumstances are not comparably extreme.

9

  ii. <u>Underlying False Arrest</u>

Brumlow alleges that Sheriff Richardson is liable under <u>Monell</u> for false arrest. To succeed on this claim, Brumlow must establish all three elements of <u>Monell</u>: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." <u>Valle</u>, 613 F.3d at 541–42 (internal quotations and citations omitted). The Court dismissed Brumlow's false arrest claim against Deputy Ukpabi based on qualified immunity. Unlike individual officers, sheriff's departments are not entitled to qualified immunity. However, to state a claim for liability under <u>Monell</u>, a plaintiff must allege both an underlying constitutional violation and that a policy or custom of the sheriff's department was the moving force behind that violation. Here, even assuming the Complaint could be read to allege a constitutional violation, it contains no facts showing that Sheriff Richardson maintained a policy or custom that caused the alleged false arrest. Because Brumlow has not adequately pleaded the required elements of <u>Monell</u> liability, the false arrest claim against Sheriff Richarson is **DISMISSED**. Additionally, the false arrest claim against Deputy Ukpabi in his official capacity is **DISMISSED**.[2]

  iii. <u>Underlying Malicious Prosecution</u>

As with the false arrest claim, the sheriff's department itself is not entitled to qualified immunity. But under <u>Monell</u>, a plaintiff must still plead an underlying constitutional violation and that a policy or custom of the sheriff's department was the

---

[2] The Court is unsure of whether Brumlow is pursuing a federal unlawful detention claim against Sheriff Richardson as neither the Motion to Dismiss (Record Document 46) nor the Plaintiff's Memorandum in Response (Record Document 50) address such a claim. Nevertheless, because the Court has dismissed the unlawful detention claim against Deputy Ukpabi and because Brumlow has not pleaded facts to meet the <u>Monell</u> standard for this claim, any unlawful detention claim against Sheriff Richardson is **DISMISSED**. Additionally, the unlawful detention claim against Deputy Ukpabi in his official capacity is **DISMISSED**.

moving force behind that violation. See Valle, 613 F.3d at 541–42. Even assuming the Complaint alleges a constitutional violation arising from malicious prosecution, it pleads no facts showing that Sheriff Richardson maintained any policy or custom that caused the violation. Because Plaintiff has not adequately alleged the elements of Monell liability, the malicious prosecution claim against the Sheriff Richardson is **DISMISSED**. Additionally, the malicious prosecution claim against Deputy Ukpabi in his official capacity is **DISMISSED**.

### iv. Underlying Abuse of Process

A federal abuse of process claim is not actionable under § 1983. The Fifth Circuit has held that there is "no constitutional right to be free from abuse of process." Morgan v. Chapman, 969 F.3d 238, 247 (5th Cir. 2020), abrogated on other grounds, Thompson v. Clark, 596 U.S. 36 (2022). Thus, the Motion to Dismiss the federal abuse of process claim is **GRANTED**. Additionally, the federal abuse of process claim against Deputy Ukpabi in his official capacity is **DISMISSED**.

### v. Underlying Excessive Force

Brumlow asserts that Sheriff Richardson is liable under Monell for Deputy Ukpabi's excessive force, advancing both a failure to discipline theory and a general Monell theory of liability. The Court has already addressed and dismissed any excessive force claims premised on the failure to discipline theory. See supra Part III(a)(i). The remaining excessive force claims asserted under a general Monell theory likewise fail. The Complaint does not allege that the use of excessive force was a recurring practice or that it was undertaken pursuant to an official policy or custom. Accordingly, the Complaint

does not satisfy Monell's pleading requirements, and any excessive force claims against Sheriff Richardson or against Deputy Ukpabi in his official capacity are **DISMISSED**.

      vi.   Underlying First Amendment Retaliation

The Court dismissed Brumlow's First Amendment retaliation claim against Deputy Ukpabi in his individual capacity based on qualified immunity. However, Sheriff Richardson in his official capacity is not entitled to qualified immunity. However, under Monell, Brumlow must allege both a violation of the First Amendment and that a policy or custom of the municipality was the moving force behind that violation. See Valle, 613 F.3d at 541–42. Even assuming the complaint alleges a constitutional violation arising from Brumlow's arrest in alleged retaliation for him asking questions about why he was being detained, the Complaint pleads no facts showing that Sheriff Richardson maintained any policy or custom that caused or directed such retaliation. Because Plaintiff has not adequately alleged the required elements of Monell liability, the First Amendment retaliation claim against Sheriff Richardson is **DISMISSED**. Additionally, the First Amendment retaliation claim against Deputy Ukpabi in his official capacity is **DISMISSED**.

    b.   State Law Claims of False Arrest, Malicious Prosecution, and Abuse of Process

Unlike § 1983 claims, state law claims are not subject to the heightened pleading requirements announced in Monell. See Morin v. Claire, 77 F.3d 116 (5th Cir. 1993). Under Louisiana law, a sheriff may be held vicariously liable for the acts of his deputies if the underlying tort claim against the employee is successful. La. Civ. Code art. 2320. However, because the Court has already dismissed Brumlow's state law claims for false arrest, malicious prosecution, and abuse of process against Deputy Ukpabi in a separate ruling, there is no remaining underlying tort on which to base vicarious liability against

12

Sheriff Richardson. Accordingly, Sheriff Richardson's Motion to Dismiss the state law false arrest, malicious prosecution, and abuse of process claims is **GRANTED**.

    c.  State Law Failure to Provide Adequate Medical Care

A state law claim for failure to provide adequate medical care is essentially a negligence claim, which means the Louisiana negligence framework is applicable. See Perkins v. Entergy Corp., 782 So. 2d 606, 611 (La. 2001). "To prevail on a negligence claim, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, that the breach was the cause of the plaintiff's injuries, and that the plaintiff sustained damages." Phillips v. State, Dept. of Pub. Safety and Corrections, 978 So. 2d 1223, 1229 (La. App. 2d Cir. 2008). The Complaint alleges that Brumlow's wrists were swollen and bruised from handcuffs and that he requested medical care for his "severe pain." See Record Document 39 at ¶ 34. According to the allegations, Brumlow received over-the-counter pain medication, though it is unclear who administered this medication. See id. Brumlow alleges he has suffered nerve injuries, and as of now, the palm of his hand and his entire thumb are numb. See id. at ¶ 32.

Brumlow's allegations are sufficient, at the pleading stage, to state a plausible claim for negligence. Deputies clearly owed Brumlow a duty, as Louisiana law imposes a duty on police officers to provide persons in custody with reasonable medical care. Phillips v. State, Dept. of Pub. Safety and Corrections, 978 So. 2d 1223, 1229 (La. App. 2d Cir. 2008). Whether the deputies breached their duty by failing to seek additional medical treatment depends on evidence regarding the extent and severity of Brumlow's swelling and bruising, which cannot be determined at this time. Likewise, it cannot be determined at this stage whether Plaintiff's alleged nerve injury and ongoing numbness was a

foreseeable result falling within the scope of the duty to provide reasonable medical care. Accordingly, the Motion to Dismiss the claim for failure to provide medical care is **DENIED**.

    d. <u>Negligence & Battery</u>

Brumlow alleges claims of negligence and battery against Sheriff Richardson. <u>See</u> Record Document 39 at ¶¶ 38–40. The conduct which could form the basis of the negligence and battery claims include using excessive force in handcuffing Brumlow, arresting Brumlow despite the warrant's invalidity, failing to investigate or research the warrant's validity, and failing to provide medical care. <u>See id.</u> Most of this conduct has already been addressed above and is encompassed within other theories of liability the Court has dismissed. In particular, deputies owed no duty to investigate or research the validity of the warrant and Deputy Ukpabi's execution of a facially valid warrant was reasonable despite the mistake of fact.

The negligence claim involving the failure to provide medical care survives at this stage in the proceedings. The negligence and battery claims based on Deputy Ukpabi's use of excessive force likewise survive. Brumlow's complaint sufficiently states a cause of action for excessive force against Deputy Ukpabi in his individual capacity as explained in the Court's ruling addressing those claims. Because that underlying claim survives, Sheriff Richardson may also be held liable for the same conduct under a theory of vicarious liability if sufficiently alleged. Unlike a federal § 1983 claim, a state law negligence or battery claim does not trigger <u>Monell</u>'s heightened pleading requirements. <u>See</u> <u>Morin</u>, 77 F.3d 116. Under Louisiana law, an employer may be held vicariously liable for an employee's tortious conduct if that conduct occurred within the course and scope

of employment. See Ledet v. Robinson Helicopter Co., 195 So. 3d 89, 92 (La. App. 1st Cir. 2016), writ denied, 204 So. 3d 1002 (La. 2016).

Here, the Complaint alleges that all of Deputy Ukpabi's excessive-force conduct occurred while he was on duty and acting in furtherance of his official duties. See Record Document 39 at ¶¶ 15–16. Taking those allegations as true at this stage, Brumlow has sufficiently pleaded that Deputy Ukpabi's conduct was within the course and scope of his employment. Accordingly, Brumlow has stated viable negligence and battery claims against Sheriff Richardson under Louisiana's vicarious liability principles for Deputy Ukpabi's alleged excessive-force conduct. Therefore, the Motion to Dismiss the state law claims of negligence and battery is **GRANTED IN PART and DENIED IN PART.**

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Sheriff Richardson's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Record Document 46) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) is **GRANTED** with respect to all Monell claims, the state law false arrest, abuse of process, and malicious prosecution claims, as well as the state law negligence claims involving all conduct except for the failure to provide medical care and excessive force. These claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that all claims against Deputy Ukpabi in his official capacity are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) is **DENIED** with respect to the state law claims involving the failure to provide medical care and the excessive force conduct.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of September, 2025.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE