UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAHLEB L. BRUMLOW                               CIVIL ACTION NO. 24-0741

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) brought by Defendant DeSoto Parish Sheriff Deputy Henry Ukpabi ("Deputy Ukpabi"). See Record Document 52. Plaintiff Kahleb L. Brumlow ("Brumlow") opposes. See Record Document 58. Deputy Ukpabi replied. See Record Document 59. For the reasons stated below, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Record Document 52) is **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

The following facts are drawn from the Complaint and are assumed true for the purposes of this motion.

On or about September 24, 2020, Brumlow was arrested by the Shreveport Police Department ("SPD") on a theft charge. See Record Document 39 at ¶ 8. Later, Brumlow was arrested again for failing to appear in court. See id. Around November 2020, Brumlow pled guilty to the charge, paid all related fines, and was told by an SPD detective that he would take care of the warrant. See id. at ¶ 9.

On or about June 2, 2023, Brumlow went to the home of his minor children's mother to pick up the children for visitation, all in accordance with the custody agreement. See id. at ¶¶ 10–11. When Brumlow was unsuccessful in contacting the mother, he

requested assistance by the DeSoto Parish Sheriff's Department. See id. at ¶ 11. One or more deputies, including Deputy Ukpabi, arrived at the scene. See id. at ¶ 12. Deputies detained Brumlow and found an arrest warrant. See id. at ¶ 13. The facts in the Complaint are contradictory as to how the warrant was found. Paragraph 13 states that deputies with the DeSoto Parish Sheriff's Department found the warrant, but paragraph 21 states that Officer Neal with the SPD sent the warrant to the deputies. See id. at ¶¶ 13, 21. Additionally, the Complaint is contradictory as to whether the deputies knew the warrant was inactive or not. Paragraphs 13, 14, 21, and 37 allege that the deputies knew that the warrant was invalid, but paragraphs 9, 13, and 38 indicate that the deputies did not know that the warrant was invalid, but they should have known. See id. at ¶¶ 9, 13, 14, 21, 37, 38. For purposes of this Motion, the Court will consider all possibilities.

The deputies then arrested Brumlow on this stale warrant, i.e., the warrant should have been recalled but was never removed from the records. See id. at ¶¶ 13–14. Deputies arrested Brumlow because they wanted to assist the mother of his children, who they knew. See id. at ¶ 14. When arresting Brumlow, the deputies handcuffed him behind his back forcefully, which strained his shoulder and back. See id. at ¶ 15. Brumlow was kept in the tight handcuffs behind his back for about five hours despite complaining about the pain. See id. 15–16. Once at the DeSoto Parish Jail, Brumlow requested medical attention for pain and swelling in his shoulders and wrists. See id. at ¶ 16. Brumlow was given over the counter pain medication. See id. Brumlow still suffers from numbness in the palm of his hand and his thumb. See id. at ¶ 32. Brumlow was detained in the Desoto Parish Jail from June 2–5, 2023. See id. at ¶ 16. Desoto Parish authorities contacted the SPD to come pick up Brumlow, and when the SPD officer arrived at the jail, he realized

2

that the warrant was inactive. See id. at ¶ 19. The SPD officer transferred Brumlow to the SPD headquarters in Shreveport, where officers told Brumlow about the mistake and released him. See id.

Brumlow asserts that Deputy Ukpabi violated his First, Fourth and Fourteenth Amendment rights under the U.S. Constitution to be free from false arrest, unlawful detention, retaliation, abuse of process, and malicious prosecution. See id. at ¶ 25–27. Additionally, Brumlow asserts an excessive force claim against Deputy Ukpabi. See id. at ¶ 31. Brumlow further alleges state law tort claims of negligence, battery, false arrest, abuse of process, malicious prosecution, and failure to provide medical care against Deputy Ukpabi. See id. at ¶¶ 36–41.

Deputy Ukpabi filed a Motion to Dismiss seeking to dismiss all of Brumlow's claims against him. See Record Document 52. Deputy Ukpabi contends that the federal claims against him in his individual capacity are barred by qualified immunity. See id. at ¶ 5. Deputy Ukpabi further contends that Brumlow has failed to allege sufficient facts to establish the official capacity claims.[1] See id. Lastly, Deputy Ukpabi argues that he is entitled to immunity under La. R.S. 9:2798.1 for the state law claims. See id.

## LAW AND ANALYSIS

I. **Pleading and Dismissal Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility"

---

[1] All official capacity claims are considered in a separate ruling that addresses the Motion to Dismiss filed by Defendant Sheriff Richardson.

standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II. Summary of the Arguments

Deputy Ukpabi asserts several arguments in the Motion to Dismiss. In response to Brumlow's federal claims under § 1983 against Deputy Ukpabi in his individual capacity, he argues he is entitled to qualified immunity. See Record Document 52-1 at 9, 22.

Brumlow argues Deputy Ukpabi is not entitled to qualified immunity because he knew the warrant was ineffective. See Record Document 58 at 16. Brumlow also argues

that his First Amendment retaliation claim was sufficiently pled because challenging police action is a protected form of speech under the First Amendment. See id. at 21. Brumlow argues his claim for malicious prosecution is sufficient because the right was established in 2023, and Deputy Ukpabi is not entitled to qualified immunity for this claim. See id. at 22. Brumlow argues that his excessive force claim is adequately pled because Brumlow has alleged that the deputies used more force than necessary and that he suffers from permanent nerve injuries. See id. at 23.

Regarding the federal abuse of process claim, Deputy Ukpabi argues that this claim does not exist under federal law. See Record Document 52-1 at 20. Brumlow concedes to dismissal of that claim. See Record Document 58 at 15.

Deputy Ukpabi argues that the state law claims against him should be dismissed because he is entitled to immunity under La. R.S. 9:2798.1. See Record Document 52-1 at 29. Brumlow argues that he has adequately pled state law claims for false arrest and malicious prosecution because he has alleged a lack of probable cause. See Record Document 58 at 27.

**III.    Analysis**

    a. <u>False Arrest</u>

The existence of probable cause is a prerequisite to any constitutional arrest, which is a "seizure" of a person under the Fourth Amendment. See Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). "Probable cause" is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. "The facts [constituting

the basis for probable cause] must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest." Club Retro, LLC v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009).

The United States Court of Appeals for the Fifth Circuit has held that where qualified immunity is asserted as a defense to a false arrest, the plaintiff must show that it was "'clearly established that the circumstances with which' the officer 'was confronted did not constitute probable cause and exigent circumstances.'" Pierce v. Smith, 117 F.3d 866, 871 (quoting Anderson v. Creighton, 483 U.S. 635, 635 (1987)). "[T]here must not even 'arguably' be probable cause for the search and arrest for immunity to be lost." Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotations omitted). Qualified immunity gives "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Id. Thus, to prevail on his Section 1983 claim of false arrest, Brumlow must show that there was no probable cause for his arrest. See Haggerty v. Tex. S. Univ., 391 F.3d 653 (5th Cir. 2004).

Brumlow alleges that the arrest warrant at issue had previously been executed and recalled but that the records were not updated to reflect this. See Record Document 39 at ¶ 13. When Deputy Ukpabi arrested Brumlow, he did so based on that warrant. See id. Brumlow's Complaint is internally inconsistent and leaves the Court uncertain which factual theory governs regarding Deputy Ukpabi's knowledge of the warrant's invalidity. See supra at 2. At some points, the Complaint asserts only that there were "indications and signs" that the warrant was stale and that Deputy Ukpabi "failed to investigate the circumstances." See Record Document 39 at ¶ 13. At other points, the Complaint affirmatively alleges that Deputy Ukpabi "knew" the warrant was invalid. See id. This

6

distinction matters because it dictates the applicable legal analysis. For this Motion to Dismiss, the Court will consider both allegations.

First, if Deputy Ukpabi did not know the warrant was invalid, then he made a mistake of fact regarding the warrant's validity. Although the warrant was invalid at the time of the arrest, officers are insulated by qualified immunity if they reasonably believe that probable cause existed at the time of the arrest. See Brown, 243 F.3d at 190. The Complaint alleges that this warrant was validly executed in 2020, but it was never removed from the records. See Record Document 39 at ¶¶ 8–9. However, the Complaint also alleges the warrant was "void on its face." Id. at ¶ 28. These allegations are inconsistent: the same warrant cannot be both previously validly executed and facially invalid at the time of this arrest. See id. at ¶¶ 13–14, 37. Moreover, Brumlow's bare assertion that the warrant was facially invalid, without factual support, is a legal conclusion that does not satisfy the pleading requirements of Rule 8(a)(2). Ashcroft, 556 U.S. at 678. Because the Complaint alleges this same warrant was executed twice before, the Court finds that the warrant could not have been facially invalid where Deputy Ukpabi was unreasonable in relying on it. Additionally, Deputy Ukpabi has no duty to independently investigate the continuing validity of a warrant. See Baker v. McCollan, 443 U.S. 137, 145–46 (1979). Here, Deputy Ukpabi's mistake of fact regarding the validity of the warrant does not destroy qualified immunity because he was reasonable in his belief that the warrant was valid.

If we assume that the Complaint alleges that Deputy Ukpabi had actual knowledge of the warrant's invalidity, then Brumlow's assertion of Deputy Ukpabi's knowledge is a conclusory allegation, not a well-pleaded fact. See Iqbal, 556 U.S. at 678. The Complaint

7

contains no factual allegations showing how Deputy Ukpabi would have known that the warrant had already been executed or how he otherwise became aware of its invalidity. A bare assertion of "knowledge," without factual support, is a legal conclusion rather than a well-pleaded factual allegation and is insufficient to survive a Rule 12(b)(6) motion. Because there are insufficient facts in the Complaint regarding how Deputy Ukpabi became aware of the warrant's invalidity, the Court assumes Deputy Ukpabi was operating under a mistake of fact. Because the warrant was facially valid, Deputy Ukpabi's mistake of fact was reasonable, and he is insulated by qualified immunity. See Brown, 243 F.3d at 190. Thus, the Motion to Dismiss the false arrest claim is **GRANTED**.

  b. Unlawful Detention

Brumlow has alleged an unlawful detention claim under the Fourth Amendment. See Record Document 39 at ¶ 26. Brumlow's response to Deputy Ukpabi's Motion to Dismiss states that Brumlow wishes to dismiss any claim for false detention. See Record Document 58 at 15. Accordingly, the Court dismisses this claim at Brumlow's request. Thus, Defendant's Motion to Dismiss the unlawful detention claim is **GRANTED**.

  c. Malicious Prosecution

Brumlow raises a Fourth Amendment malicious prosecution claim against Deputy Ukpabi. See Record Document 39 at ¶ 26. The Supreme Court in Thompson v. Clark stated that the primary consideration in a Fourth Amendment malicious prosecution claim is "the wrongful initiation of charges without probable cause." 596 U.S. 36, 43 (2022). The Fifth Circuit has held that a plaintiff bringing a Fourth Amendment malicious prosecution claim must prove the state law elements of the claim. Armstrong v. Ashley, 60 F.4th 262,

279 (5th Cir. 2023). The elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Id. (citing Gordy v. Burns, 294 F.3d 722, 727 (5th Cir. 2002)).

Because Brumlow has not sufficiently pleaded facts showing Deputy Ukpabi's knowledge that the warrant had been recalled, the Court assumes that Deputy Ukpabi's reliance on the warrant was a mistake of fact. See supra Part III(a). For the same reasons discussed above with respect to Brumlow's false arrest claim, this mistake of fact does not defeat qualified immunity. See id. Where an officer reasonably relies on a facially valid warrant, he does not violate clearly established law. See Brown, 243 F.3d at 190. Accordingly, Deputy Ukpabi is entitled to qualified immunity on Brumlow's federal malicious prosecution claim. Therefore, the Motion to Dismiss the federal malicious prosecution claim is **GRANTED**.

### d. Abuse of Process

A federal abuse of process claim is not actionable under § 1983. The Fifth Circuit has held that there is "no constitutional right to be free from abuse of process." Morgan v. Chapman, 969 F.3d 238, 247 (5th Cir. 2020), abrogated on other grounds, Thompson v. Clark, 596 U.S. 36 (2022). Thus, the Motion to Dismiss the federal abuse of process claim is **GRANTED**.

### e. First Amendment Retaliation

Brumlow brings a First Amendment retaliation claim regarding his arrest and detention. See Record Document 39 at ¶ 27. According to the Fifth Circuit, "a plaintiff

9

must show that he was engaged in constitutionally protected activity, the officer's actions injured him, and 'the officers' adverse actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct.'" Degenhardt v. Bintliff, 117 F.4th 747, 758 (5th Cir. 2024) (citing Alexander v. City of Round Rock, 854 F.3d 298, 308 (5th Cir. 2017)). The Fifth Circuit has also stated that "[a] retaliation claim is only available 'when non-retaliatory grounds are in fact insufficient to provoke the adverse consequences.'" Degenhardt, 117 F.4th at 758 (citing Allen v. Cisneros, 815 F.3d 239, 244 (5th Cir. 2016)). The retaliatory motive must be a but-for cause for the adverse action taken by the officers. Nieves v. Bartlett, 587 U.S. 391, 399 (2019). Typically, a showing of probable cause would defeat a retaliatory arrest claim because probable cause shows that there was a constitutionally sufficient reason for the arrest. See id. at 406. However, the United States Supreme Court held that a plaintiff in a retaliatory arrest claim is not required to prove the absence of probable cause if he "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Id. at 407.

Brumlow alleges that Deputy Ukpabi arrested him in retaliation for him asking questions about why he was being detained. See Record Document 39 at ¶ 27. To be successful on this claim, Brumlow must show an absence of probable cause because Deputy Ukpabi's conduct of arresting and detaining an individual with a seemingly valid arrest warrant does not fall into the exception defined in Nieves. 587 U.S. at 399, 406.

For the same reasons explained above under the false arrest claim, the retaliatory arrest and detention claim is likewise barred by qualified immunity. There was arguable probable cause as Deputy Ukpabi was reasonable in his belief that probable cause

10

existed based on the warrant. See supra Part III(a). Thus, the Motion to Dismiss the First Amendment Retaliation claim is **GRANTED**.

  f. Excessive Force

An excessive force claim requires the plaintiff to show that while he was being arrested, he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." Ballard v. Burton, 444 F.3d 391, 402 (5th Cir. 2006) (internal quotations omitted). "Although a showing of 'significant injury' is no longer required in the context of an excessive force claim, 'we do require a plaintiff asserting an excessive force claim to have suffered at least some form of injury.'" Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (quoting Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999)). For example, allegations that a plaintiff was "handcuff[ed] too tightly, without more, does not amount to excessive force." Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005) (quoting Glenn, 242 F.3d at 314). The threshold for what constitutes an injury is subjective and is "defined entirely by the context in which the injury arises." Schmidt v. Gray, 399 F. App'x 925, 928 (5th Cir. 2010).

In support his excessive force claim, Brumlow alleges he was handcuffed too tightly behind his back, which strained his back and shoulders. See Record Document 39 at ¶ 15. He was kept in the tight handcuffs behind his back for about five hours despite complaining about the pain. See id. 15–16. Brumlow still suffers from numbness in the palm of his hand and his thumb from the handcuffs. See id. at ¶ 32.

Precedent establishes that the use of handcuffs, by itself, is generally insufficient to state a claim of excessive force. See Tarver, 410 F.3d at 751–52. However, courts have

11

recognized that prolonged or excessively tight handcuffing, particularly where the arrestee complains of pain and officers refuse to adjust the restraints, can constitute excessive force when it results in lasting injury. See, e.g., Dominguez v. Moore, 149 F. App'x 281, 283 (5th Cir. 2005). In Dominguez, the Fifth Circuit held that the plaintiff had alleged an excessive force claim sufficient to withstand a motion to dismiss where he asserted permanent scarring and nerve damage from wearing handcuffs that were too tight for too long. See Id. at 282. Similarly, in Buesing v. Honeycutt, the court found that the plaintiff stated an excessive force claim where he alleged that he was handcuffed too tightly, repeatedly complained of pain and numbness, and continued to suffer numbness at the time of the lawsuit. 2016 WL 1688788, at *4 (W.D. Tex. 2016). In Deville v. Marcantel, the Fifth Circuit reversed the grant of a summary judgment on an excessive force claim where the plaintiff had been handcuffed and sustained nerve injuries requiring multiple surgeries. 567 F.3d 156, 168 (5th Cir. 2009).

Because Brumlow alleges that he suffers from a lasting nerve injury to his hand and that he was handcuffed for approximately five hours without adjustment despite repeatedly complaining of pain, the Court concludes that he has plausibly stated a claim for excessive force at this stage. See Record Document 39 at ¶¶ 15–16.  Accordingly, the Motion to Dismiss the excessive force claim is **DENIED**.

    a. State Law False Arrest

Under Louisiana law, a false arrest occurs when one arrests another against his will without legal authority. See Kyle v. City of New Orleans, 353 So.2d 969, 971 (La. 1977). A facially valid arrest warrant immunizes officers from false arrest claims. See Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009); see also Deville v. Jefferson Parish

Sheriff's Department, 762 So. 2d 641, 642 (La. App. 3d Cir. 2000), writ denied, 766 So. 2d 1281 (La. 2000). As explained above, Deputy Ukpabi was acting on a facially valid warrant and his reliance on such was reasonable. See supra Part III(a). Thus, the Motion to Dismiss the state law false arrest claim is **GRANTED**.

    b. State Law Abuse of Process

According to Louisiana law, the elements for an abuse of process claim are "(1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding." Waguespack, Seago and Carmichael (A PLC) v. Lincoln, 768 So. 2d 287, 290–91 (La. App. 1st Cir. 2000). Abuse of process occurs when "the actor employs a legal process in a manner that although technically correct, is for a wrongful and malicious purpose to obtain an unjustifiable end or an object that it was not the purpose of the particular process employed to effect." Foster v. Bias, 358 So. 3d 520, 536 (La. App. 1st Cir. 2022), writ denied, 358 So. 3d 503 (La. 2023).

Here, Brumlow has alleged that Deputy Ukpabi arrested him because he knew the mother of Brumlow's children and wanted to help her. See Record Document 39 at ¶ 12. This allegation of an ulterior motive is sufficient to meet the first prong of a state law abuse of process claim. However, Brumlow cannot meet the second prong of an abuse of process claim. Louisiana courts have made clear that this prong requires a deliberate misuse of process for an objective not contemplated by law. See Waguespack, Seago and Carmichael (A PLC), 768 So. 2d at 292. Here, Brumlow was arrested on a warrant that appeared facially valid and had been issued by a neutral magistrate. See supra Part III(a). Acting upon a facially valid arrest warrant is precisely the type of conduct

contemplated by regular law enforcement procedure and does not constitute a willful misuse of process, even if the warrant is later discovered to be stale or defective.

Because Brumlow has not shown any affirmative act by the deputy that was "not proper in the regular prosecution of the proceeding" apart from executing the warrant as issued, the second element of an abuse of process claim is not met. Thus, the motion to dismiss the state law abuse of process claim is **GRANTED**.

c. State Law Malicious Prosecution

As stated above, the elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Armstrong, 60 F.4th at 279 (citing Gordy, 294 F.3d at 727). Even assuming the first four elements are satisfied, the claim falters on the fifth element: malice. According to the Louisiana Supreme Court, malice exists when "the charge is made with [the] knowledge that it is false or with reckless disregard for whether it is false or not." Brimmer v. A. Copeland Enterprises, Inc., 609 So. 2d 847, 849 (La. App. 5th Cir. 1992), writ denied, 616 So. 2d 682 (La. 1993) (citation omitted). The core determination is whether the person had an honest and reasonable belief of the facts at the time the charge was made. Id. (citation omitted). Here, as explained above, Deputy Ukpabi's knowledge was not sufficiently supported by facts in the Complaint. See supra Part III(a). Additionally, this Court has concluded that his mistake of fact regarding the validity of the warrant was reasonable. See id. Deputy Ukpabi did not recklessly disregard the invalidity of the warrant, as he had no duty to investigate the validity of the warrant. See Baker, 443 U.S.

14

at 145–46. Therefore, Brumlow has not met the burden of alleging sufficient facts to show malice. Thus, the Motion to Dismiss the state law claim of malicious prosecution is **GRANTED**.

### d. State Law Failure to Provide Adequate Medical Care

The Complaint is unclear as to whether Brumlow alleges a state law claim for failure to provide adequate medical care against Deputy Ukpabi individually. See Record Document 39 at ¶¶ 36–41. However, Plaintiff's Memorandum in Opposition to Deputy Ukpabi's Motion to Dismiss clearly states that he is not pleading such a claim. See Record Document 58 at 10. Thus, any state law claim involving Deputy Ukpabi's failure to provide medical care is **DISMISSED**.

### e. State Law Negligence & Battery

Brumlow alleges claims of negligence and battery against Deputy Ukpabi. See Record Document 39 at ¶¶ 37–38. The conduct alleged to support those claims includes: (1) the use of excessive force in handcuffing Brumlow; (2) arresting Brumlow despite the alleged invalidity of the warrant; (3) failing to investigate the warrant's validity; and (4) failing to provide medical care during transport to jail. See id. at ¶¶ 36–41. Except for the allegations concerning excessive force, each of these theories has already been addressed above and is subsumed within other claims the Court has dismissed. In particular, Deputy Ukpabi owed no duty to investigate the validity of the warrant and Brumlow has clarified that he is not asserting a state law claim for failure to provide medical care against Deputy Ukpabi individually. By contrast, the negligence and battery claims arising from the alleged excessive force survive at this stage. Accordingly, the

Motion to Dismiss the negligence and battery claims is **GRANTED IN PART and DENIED IN PART**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Deputy Ukpabi's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Record Document 52) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) is **GRANTED** with respect to the federal false arrest claim, the federal unlawful detention claim, the federal abuse of process claim, the federal malicious prosecution claim, the First Amendment retaliation claim, the state law false arrest claim, the state law abuse of process claim, and the state law malicious prosecution claim, the state law failure to provide medical care claim, and the state law negligence and battery claims that do not involve the excessive force allegations. These claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** with respect to the excessive force claim and the state law negligence and battery claims involving the excessive force conduct.

All official capacity claims against Deputy Ukpabi are also dismissed, as addressed in the Memorandum Ruling regarding Motion to Dismiss by Sheriff Richardson. These claims are **DISMISSED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of September, 2025.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE